By the COURT.
Campbell, J.
Enough was done by the notary, to make a proper presentment and demand of payment. When the maker of a note, just, before it matures, abandons his former residence and place of businéss, and cannot be found after diligent inquiry, the note may be protested. In such a case it is proper, if not indispensable, that the note should be presented at his former residence or place of business. (Spies v. Gilmore. 1 Coms. 326.)
In this case, it was presented at both places. Under such circumstances, it was proper to aver presentment to the maker. The evidence establishes that it was presented to him, and is sufficient to support the allegation of presentment contained in the complaint.
There is nothing, in the objection, that the contents of the notice to the endorser cannot be proved by parol. The contrary has been so uniformly held, that the citation of authorities is unnecessary.
Notice was duly-mailed to the endorser. He resided some eight or ten miles from the place where it was protested. His residence and the place of protest were in the same city. But the limits of the city are coextensive with those of the county. When the place of protest and of the residence of the endorser are more remote, than in many instances, when in different towns of the same county, there is no reason why notice by mail should not be sufficient, when there is a post-office at the place where the endorser resides, and no suggestion is made, or proof, offered that he does not usually receive his letters at such post-office: (Ransom v. Mach. 2 Hill, 588.) We think there was no error committed in the decisions made at the trial, and that the judgment should be affirmed.